**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**
No. 96-3333

Little Rock School District;     *
        *
       Appellant,     *
        *
Lorene Joshua;     *
        *
    Intervenor Plaintiffs,     *
        *
Servicemaster Management     *
Services;     *
        *
       Intervenor,     *  Appeal from the United States
        *  District Court for the
Anne Mitchell; Bob Moore, Pat     *  Eastern District of Arkansas.
Gee; Pat Rayburn; Mary J. Gage; *
North Little Rock Classroom     *
Teachers Association; Pulaski     *
Association of Classroom     *
Teachers; Little Rock Classroom *
Teachers Association; Alexa     *
Armstrong; Karlos Armstrong;     *
Ed Bullington; Khayyam Davis;     *
Janice Dent; John Harrison;     *
Alvin Hudson; Tatia Hudson;     *
Milton Jackson; Leslie Joshua;   :
Stacy Joshua; Wayne Joshua;     *
Katherine Knight; Sara     *
Matthews; Becky McKinney;     *
Derrick Miles; Janice Miles;     *
John M. Miles; NAACP; Joyce     *
Person; Brian Taylor; Hilton     *
Taylor; Parsha Taylor; Robert     *
Willingham; Tonya Willingham;     *
        *
    Intervenor Plaintiffs,     *
        *
       v.     *
        *
North Little Rock School     *
District; Leon Barnes; Sheryl     *
Dunn; Mac Faulkner; Richard A.     *

Giddings; Marianne Gosser; Don          *
Hindman; Shirley Lowery; Bob            *
Lyon; George A. McCrary; Bob            *
Moore; Steve Morley; Buddy              *
Raines; David Sain; Bob                 *
Stender; Dale Ward; John Ward;          *
Judy Wear; Grainger Williams;           *
                                        *
    Defendants,      *
                                        *
Pulaski County Special School           *
District;                               *
                                        *
    Appellee,        *
                                        *
State of Arkansas;                      *
                                        *
    Defendants,      *
                                        *
Office of Desegregation Monitor;*
                                        *
    Claimant,        *
                                        *
Horace A. Walker; P. A.                 *
Hollingsworth; Kenneth G.               *
Torrence; Phillip E. Kaplan;            *
Janet Pulliam; John Bilheimer;          *
Dale Charles; Robert L. Brown,          *
Sr.; Gwen Hevey Jackson; Diane          *
Davis; Raymond Frazier;                 *
                                        *
    Plaintiffs,      *
   v.                     *
                                        *
Pulaski County Board of                 *
Education; O. G. Jacovelli,             *
individually and as President           *
of the Board of Education of            *
the Little Rock School District;*
Patricia Gee, individually and          *
in her official capacity as a           *
member of the Board of                  *
Education of the Little Rock            *
School District, a public body;  *
Dr. George Cannon, individually *
and in his official capacity            *
as a member of the Board of             *
Education of the Little Rock            *

-2-

School District, a public body; *
John Moore, individually and in *
his official capacity as a *
member of the Board of *
Education of the Little Rock *
School District, a public body; *
Dorsey Jackson, individually *
and in his official capacity *
as a member of the Board of *
Education of the Little Rock *
School District, a public body; *
Dr. Katherine Mitchell, indivi- *
dually and in her official *
capacity as a member of the *
Board of Education of the *
Little Rock School District, a *
public body; W. D. Hamilton, *
individually and in his official*
capacity as a member of the *
Board of Education of the *
Little Rock School District, a *
public body; Cecil Bailey, *
individually and in his *
official capacity as a member *
of the Pulaski County Board of *
Education, a public corporate; *
Thomas Broughton, individually *
and in his official capacity *
as a member of the Pulaski *
County Board of Education, a *
public corporate; Dr. Martin *
Zoldessy, individually and in *
his official capacity as a *
member of the Pulaski County *
Board of Education, a public *
corporate; *
                                *
          Defendants,           *

                    _____

          Submitted: February 25, 1997

          Filed: March 31, 1997
                    _____

Before RICHARD S. ARNOLD, Chief Judge, and HEANEY and WOLLMAN,
     Circuit Judges.

_____

HEANEY, Circuit Judge.


Little Rock School District (LRSD) appeals from an order of the United States District Court for the Eastern District of Arkansas requiring it to pay the Pulaski County School District (PCSSD) $345,294 pursuant to a settlement agreement in the interdistrict desegregation case. We affirm the order of the district court essentially for the reasons stated in its opinion.

At issue in this appeal is the entitlement to majority-to-minority [M-to-M] payments and the amount each school district would receive pursuant to the settlement agreement. Paragraph O of the settlement agreement provides in part:

> [A]ll M-to-M payments generated by Interdistrict School students paid by the State to LRSD and PCSSD (including payment to each district as sending district and receiving district), except transportation payments, will be pooled for the education of all Interdistrict School students. The instructional budgets of the Interdistrict Schools will be equalized. This provision does not change each district's obligation to construct and maintain the Interdistrict Schools within its boundaries.

(Settlement Agreement,§ II, ¶ O(3).)

Pursuant to this court's instructions, the district court judge conducted an evidentiary hearing and subsequently ordered:

> [F]or each school year, the amount of LRSD's and PCSSD's financial contribution to the pool is calculated in accordance with Paragraph O of the Settlement Agreement.[There is no dispute as to the methodology for calculating these amounts.] The total amount of funds in the pool for a given year is then divided by the total

number of M-to-M students in the interdistrict schools in both districts to arrive at an equalized, per-student dollar amount for educating them in the interdistrict schools. For each school district, the equalized per-student dollar amount is then multiplied by the number of M-to-M students hosted by that district in its interdistrict schools to determine the amount of the pooled funds to which each district is entitled.

Little Rock School Dist. v. Pulaski Cty. Special School Dist. No. 1, LR-C-82-866, at 3 (E.D. Ark. July 30, 1996) (citations omitted).

On appeal, LRSD argues that the district court erred in dividing the pool based on the number of M-to-M transfer students; rather, it asserts that the court should have divided the pool based on the total number of students in the interdistrict schools. Under LRSD's method of calculation, PCSSD would owe LRSD $1,270,839, instead of LRSD's owing PCSSD $345,294 as ordered by the district court.

We review the factual findings of the district court under a clearly erroneous standard and its interpretation of the Settlement Agreement de novo. The district court's interpretation of paragraph O is an acceptable one: it is just, it will promote voluntary interdistrict transfers to interdistrict schools, and it will provide a financial incentive to both districts to receive M-to-M transfer students. See Little Rock School Dist. v. Pulaski Cty. Special School Dist. No. 1, 921 F.2d 1371, 1394 (8th Cir. 1990).

We recognize that LRSD spends more per pupil to educate its students in the interdistrict schools than PCSSD does and that the district court formula will not fully equalize these costs, but we do not believe that these differences are sufficient to release LRSD from its pooling obligation. Such a release would certainly

inhibit efforts to provide an integrated education to many students, the principal objective of the school integration proposal. Nor are the differences sufficient to justify the alternative method of equalization suggested by LRSD. The practical problems in that approach were found by the district court to be insurmountable and we are not prepared to say that the district court erred in making that assessment.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.